```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-6-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
UNITED STATES OF AMERICA,           :
                                    :
        -v-                         :     08 Cr. 1234 (JSR)
                                    :
FELIX NKANSAH,                      :     MEMORANDUM ORDER
                                    :
        Defendant.                  :
------------------------------------- x

JED S. RAKOFF, U.S.D.J.

    Following his conviction on January 29, 2010 after a jury trial, defendant Felix Nkansah, although represented by counsel, submitted a pro se Motion for Judgment of Acquittal or New Trial, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, which the Clerk of the Court accepted for filing on February 2, 2010, as Nkansah misleadingly characterized the motion as "through his counsel Gerald J. Di Chiara, Esq." Despite Nkansah's misrepresentation, the Court forwarded Nkansah's submission to the Government and requested a response, and the Government duly filed opposition papers. Having considered the arguments presented by Nkansah and the Government, the Court hereby denies the motion, on the merits, in its entirety.

    In his motion, Nkansah asserts two principal arguments: (1) that the jury's verdict was not supported by sufficient evidence because testimony from two prosecution witnesses was allegedly perjured, and (2) that the Government's inadvertent transmission of

materials not in evidence into the jury room violated his constitutional rights.

With respect to the first argument, Nkansah has provided no evidence whatsoever that any of the Government's witnesses committed perjury and thus has not met the "heavy burden" of demonstrating that the evidence supporting his conviction was insufficient. See United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003); United States v. Matthews, 20 F.3d 538, 548 (2d Cir. 1994).

As to Nkansah's second argument, this was already rejected by the Court at the time of trial, and Nkansah has offered nothing new to change that ruling. In a nutshell, while gathering the exhibits in evidence to be submitted to the jury, the Government's paralegal assistant inadvertently included eight exhibits that were not admitted into evidence. Learning of this shortly after the materials were sent to the jury, the Government promptly notified the Court of the inadvertent inclusion. By agreement of counsel, the Court's courtroom deputy then entered the jury room, after the jury had left the room following its first day of deliberations, and he retrieved all eight exhibits and reported their location to the Court and counsel. See Transcript, 1/29/10, at 636. The Court determined that seven of the eight exhibits had not been reviewed by the jury at all -- based on their location in the jury room and their enclosure in manila folders inside a redweld -- and thus no prejudice could be

attributed to them.  <u>Id.</u> at 636-38.  Moreover, three of these seven exhibits were CDs that could not have been viewed by the jury without a CD player, <u>id.</u> at 638, and the remaining exhibits simply contained information that had been admitted into evidence in other exhibits, <u>id.</u> at 636-37.  As to the one exhibit, Government Exhibit 1001, that was found outside the redweld on the jury table, <u>id.</u> at 638, it was substantively identical to Government Exhibit 1002, which was admitted into evidence, <u>id.</u> at 641, and thus provided no information not in evidence to the jury.  Hence, even if any juror had looked at Government Exhibit 1001, it would have been of no moment.  <u>Id.</u>  Moreover, when the Court asked Nkansah how he wished to proceed, his counsel did not request any action be taken.  <u>Id.</u>  Thus, the Court concluded that none of the exhibits inadvertently placed in the jury room and subsequently removed conveyed any information to the jury that was in any way prejudicial to Nkansah or, indeed, that was material to the jury's deliberations in even the slightest degree.  <u>Id.</u>

Accordingly, the Court hereby denies Nkansah's motion for acquittal or a new trial.  The Clerk of the Court is directed to close document number 64 on the docket of the case.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       April 5, 2010

3